**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SANFORD WILLIAMS, JR., et al., | CIVIL ACTION NO. 05-4788 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| RYAN MATTEK, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiffs, Sanford Williams, Jr. and James Williams (collectively "plaintiffs"), commenced this action against Officer Ryan Mattek, Officer Chris Jackson, Officer Matthew J. Flynn, Lieutenant Steve Vardakis, and Sergeant Thomas J. Slattery (collectively "defendants"), alleging excessive and unreasonable force during their arrest. (Dkt. entry no. 1, Compl.)[1] Defendants now move for summary judgment in their favor pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). (Dkt. entry

---

[1] Plaintiffs also assert that defendants (1) "did aid and/or participate in act(s) of discrimination upon [plaintiffs] during and after [plaintiffs] arrest and/or apprehension," and (2) "aided and/or participated in harassing and/or treating plaintiffs . . . differently than those that are similar[ly] situated." (Compl.) Plaintiffs do not, however, allege any further facts in their complaint or moving papers to support these vague allegations and the Court will therefore not address them.

nos. 50-53.)[2]  The Court, for the reasons stated herein, will (1) grant the separate motions for summary judgment and (2) enter judgment in favor of Mattek, Jackson, Flynn, Vardakis, and Slattery.

## BACKGROUND

Plaintiffs were arrested on the evening of October 9, 2004, in East Windsor, New Jersey.  (Defs. Br., at 6.)[3]  Mattek responded to a call from dispatch concerning a car alarm, and upon exiting his vehicle heard loud banging noises from a nearby gas station.  (Id. at 7.)  Mattek called a possible burglary into dispatch, and was joined by Jackson and Flynn.  (Id. at 8.)  Jackson observed two men standing near the vending machines at the gas station.  (Id.)  The two men began running away as the officers approached, dropping several items, including a sledgehammer.  (Id.; dkt. entry no. 69, Pls. Br., at 3.)  The two men ran into a nearby apartment complex, where the officers were able to apprehend one of the men, later identified as plaintiff Sanford Williams, Jr.  (Defs. Br., at 8.)  James Williams was caught and arrested, after a longer chase by police.  (Id. at 9.)

---

[2]  Defendants all joined in the brief filed by defendant Jackson (dkt. entry no. 50), but filed separate notices of motion (dkt. entry nos. 51-53).

[3]  The citations in this background section refer to the parties' briefs, which, in turn, cite to the pleadings, depositions, affidavits, and other items contained in the record. See Fed.R.Civ.P. 56(c).  The Court has reviewed the entire record in rendering this opinion.

2

According to Jackson, Sanford Williams, Jr. did not comply with the officers' commands to show them his hands, so he was taken to the ground to be cuffed. (Id.) Sanford Williams, Jr. complained to the officers that his "heart hurt" and an ambulance was called. (Id.) Sanford Williams, Jr. was taken to a hospital where he complained of pain in his shoulder. (Id. at Exs. J & K.) James Williams refused medical treatment at the scene of his arrest, but later that day agreed to be examined at the hospital as well, and he complained of pain in his head and knee as a result of being tackled to the ground during his arrest. (Defs. Br., at 11; id. at Ex. L.) Diagnostic tests and x-rays performed on both plaintiffs revealed no evidence of dislocations, fractures, or other injuries. (Id. at Exs. K & L.)

After Sanford Williams, Jr. was released from the hospital at his own request, he gave the officers a videotaped statement. (Defs. Br., at 11.) During the interview he did not allege that excessive force was used during the arrest or that he was injured. (Id.; id. at Ex. E.)

Plaintiffs were convicted of criminal mischief and resisting arrest. (Dkt. entry no. 50, Ex. B.)

## DISCUSSION

### I. Summary Judgment Standard

An award of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an

4

otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Id.</u> at 247-48 (emphasis in original).  A fact is material only if it might affect the action's outcome under governing law.  <u>Id.</u> at 248.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> at 249-50 (internal citations omitted).

**II.   Summary Judgment Standard Applied Here**

    **A.   Plaintiffs' Section 1983 Claims**

A plaintiff asserting civil rights violations under Section 1983 must establish that the defendant acted under color of state law to deprive him or her of a right secured by the Constitution or the laws of the United States.  <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights, but instead provides a remedy for the violation of rights created by other federal laws.  <u>Id.</u>; <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996).  For a Section 1983 claim to survive a motion for summary judgment, there must be a genuine issue of fact as to whether the defendant (1) acted under color of state law; and (2) deprived the plaintiff of a federal right.  <u>Groman</u>, 47 F.3d at 633.

"The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. Further, officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. However, civil rights liability cannot be predicated solely on the doctrine of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement in the alleged wrong-doing must be shown. Id. There is no dispute here that defendants acted under the color of state law. (See Defs. Br., at 14.)

Once it has been established that the defendant acted under color of state law, the Court must identify the federal right the defendant allegedly violated. See Groman, 47 F.3d at 633. As discussed in more detail below, this Court finds that plaintiffs have not rebutted the defendants' prima facie showing that the defendants did not violate any of their constitutional rights. Thus, the defendants cannot be held liable under Section 1983. See Martino v. County of Camden, No. 04-5300, 2005 U.S. Dist. LEXIS 15622, at *41 (D.N.J. July 26, 2005) (explaining that because no established constitutional right was violated, defendants could not be held liable under Section 1983).

**B.  Excessive Force**

Plaintiffs allege that defendants used excessive force during their apprehension and arrest. (Compl.) More

6

specifically, plaintiffs allege that (1) they "were unnecessar[ily] beaten by the arresting officers", and (2) the defendants were "kicking, punching, hitting [plaintiffs] on [the] head with a flashlight, jerking and twisting plaintiffs' arms high up behind plaintiffs back."  (Pls. Br., at 3-4.)

Claims of excessive force by a police officer are evaluated under the Fourth Amendment's "objective reasonableness" standard. Brosseau v. Haugen, 543 U.S. 194, 197 (2004).  Thus, a plaintiff alleging excessive force must demonstrate that the defendant officer's seizure of the plaintiff was unreasonable. Bornstad v. Honey Brook Twp., 211 Fed. Appx. 118, 123 (3d Cir. 2007). "[R]easonableness is evaluated under a totality of the circumstances analysis, which asks whether 'the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them without regard to their underlying intent or motivations.'"  Id.  In evaluating the reasonableness of an officer's actions, the Court should consider, inter alia, (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of others, (3) whether the suspect attempted to evade arrest, (4) whether the suspect was a violent or dangerous person, (5) the duration of the police conduct at issue, (6) whether the police conduct at issue occurred during an arrest, (7) whether there was a possibility that the suspect was armed, and (8) the number of persons with whom the officers had to contend at one time.  Id.

The Court concludes that defendants have demonstrated that the force they used to arrest plaintiffs was objectively reasonable.  Upon hearing loud banging noises, defendants observed plaintiffs in the vicinity of the soda machines at the gas station, giving them reason to report a suspected burglary. These suspicions were apparently confirmed when plaintiffs immediately fled the area, dropping numerous objects including a sledgehammer on the way.  Thus, the Court finds defendants have established that their conduct was objectively reasonable in using some force under these circumstances.  See Bornstad, 211 Fed. Appx. at 123.

The considerations set forth in Bornstad also suggest that defendants acted reasonably in terms of the amount of force used in the circumstances.  Although the crimes at issue were not severe, both defendants attempted to evade arrest.  See id. Defendants' use of force occurred while they were attempting to arrest plaintiffs.  See id.  Defendants reported that Sanford Williams, Jr. refused to follow defendants' orders to raise his hands, thereby raising the possibility that he was armed.  Id.

Plaintiffs have not offered any evidence rebutting defendants' prima facie showing that they are entitled to summary judgment on plaintiffs' excessive force claim.  Plaintiffs have neither identified "the specific unreasonable conduct that caused his or her injuries," nor presented any evidence of injury.  Id.

at 124 (emphasis in original).  The medical records for plaintiffs reflect the subjective complaints of injury by plaintiffs, but reveal no injuries actually sustained by plaintiffs as a result of their arrest.  The lack of any demonstrable injuries to plaintiffs further demonstrates that the physical force applied by defendants to effectuate their arrests was reasonable.  Id.

The Court thus finds that defendants have demonstrated that their decision to use sufficient force to arrest plaintiffs and place them in handcuffs was objectively reasonable in light of the facts and circumstances they confronted.  The Court therefore concludes defendants have demonstrated prima facie entitlement to summary judgment on Plaintiffs' excessive force claim, and that the plaintiffs have failed to rebut this showing.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the separate motions for summary judgment by defendants, and (2) enter judgment in favor of defendants.  The Court will issue an appropriate order and judgment.

            s/ Mary L. Cooper            
**MARY L. COOPER**
United States District Judge

9